United States District Court
Southern District of Texas

**ENTERED**

March 23, 2016

David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS ALBERTO BARAJAS, | § | |
| Movant, | § | |
| | § | |
| | § | |
| v. | § | Case No. 1:15-cv-188 |
| | § | (Criminal No. B-12-0984-1) |
| | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This Court is in receipt of Movant Luis Alberto Barajas's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter, Barajas's "Motion" or "§ 2255 Motion"). Dkt. No. 1. Barajas's § 2255 Motion should be dismissed with prejudice for the reasons provided below. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## I. Jurisdiction

This Court has jurisdiction over Barajas's Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II. Background and Procedural History

On January 29, 2013, Barajas pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States of America v. Luis Alberto Barajas*, No. 1:12-cr-0984-1, CR Dkt. No. 41 at 1.[1] On August 28, 2013, Senior United States District Judge Hilda Tagle sentenced Barajas to 120 months of imprisonment, and a two-year term of supervised release. CR Dkt. Nos. 34-2; 41 at 2-3. Judgment was entered on September 13, 2013. CR Dkt. No. 41. Barajas filed a direct appeal, and on August 11, 2014, the Fifth Circuit affirmed the district court's judgment. CR Dkt. Nos. 64, 65. Barajas filed a petition for certiorari in the United States Supreme Court, but it was denied. *See* CR Dkt. No. 66.

On or about November 5, 2015, Barajas filed his timely instant Motion. Dkt. No. 9.[2] In his Motion, Barajas raises four claims relating to the constitutionality of his guilty plea and ineffective assistance of counsel. *See generally* Dkt. 9. Specifically, Barajas claims: 1) his guilty plea was not entered into knowingly and intelligently because the Government breached the plea agreement; 2) trial counsel, Humberto Yzaguirre Jr., provided ineffective assistance; 3) appellate counsel,

---

[1] Hereinafter, Barajas's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2] Barajas certified that he placed his Motion within the prison mailing system on November 5, 2015. Dkt. 1 at 13. As his conviction did not become final until November 18, 2014, when the Supreme Court denied certiorari, the Motion is timely. Thus, this Court applies the mailbox rule. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to prisoner proceedings under 28 U.S.C. § 2255).

William Lloyd Nealy, II, provided ineffective assistance; and 4) that the Rule 11 proceedings were "tainted and unfair" because he was led to believe that the Government would not "bring any additional charges" nor "seek additional Guidelines". *Id.* at 5-6, 8-9. On February 22, 2016, the Government filed a combined response to Barajas's § 2255 Motion and motion for summary judgment. Dkt. No. 15. Barajas filed a reply to the Government's combined response and motion for summary judgment on March 11, 2016. Dkt. No. 16. The Government argues that the record clearly contradicts Barajas's claims. *See generally* Dkt. No. 15. No affidavits were requested by this Court, as the claims may be resolved based upon the record as it stands.

### III. Legal Standards

#### A. 28 U.S.C. § 2255.

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on

direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### B. Ineffective Assistance of Counsel.

The "Sixth Amendment guarantees a[ll] defendant[s] the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against them. *Missouri v. Frye*, ____ U.S. ____, 132 S.Ct. 1399, 1405 (2012) (citing *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)).  Critical stages include not only trial, but also pretrial proceedings — including the plea-bargaining process. *Laffler v. Cooper*, ____ U.S. ____, 132 S.Ct. 1376, 1384 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).  Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing is also constitutionally impermissible.  *Laffler*, 132 S.Ct. 1376, 1385-1386.

In *Strickland v. Washington*, the Supreme Court announced that in order to succeed on an ineffective assistance of counsel claim, a defendant must show both: 1) that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and 2) "the deficient performance prejudiced the defense," and shows "errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts need not even address both inquiries if the defendant does not sufficiently support one prong, nor must the court address the test in the same order. *Id.* at 697. Under this standard, the defendant must show

that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 687. As it is easy to second-guess counsel's performance after a conviction or adverse sentence, a fair assessment of performance requires reconstructing the circumstances of counsel's conduct from their perspective at the time rather than look towards the "distorting effects of hindsight." *Id.* at 689. As such, counsel is strongly presumed to have performed adequately, and made decisions using reasonable professional judgment. *Id.* at 690. Finally, the sufficiency of counsel's representation may be determined, and indeed substantially influenced, by the defendant's own statements and actions. *Id.* at 691.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under that test will ordinarily make it unnecessary to examine the other prong. *Id.* at 700; *Ransom v. Johnson*, 126 F.3d at 716, 721 (5th Cir. 1997); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d 202, at 210 (5th Cir. 1994). Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987). It is also generally unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986).

# IV. Discussion

As noted above, Barajas brings four claims. *See* Dkt. No. 1. As two of these claims entirely relate to the voluntariness of his guilty plea and the other relate to ineffective assistance of counsel, the claims are not addressed in the order presented and are grouped together.

## A. Barajas's Claims 1 and 4 Regarding the Constitutionality of the Guilty Plea and the Rule 11 Hearing.

In Claim 1, Barajas argues he "did not enter into the guilty plea knowingly and intelligently when the government breached the terms of the agreement." Dkt No. 9 at 5. More specifically, Barajas argues in his memorandum of law that the record shows that when accepting his guilty plea, he reasonably understood that the Government would not charge him with "additional charges" and that it would not seek "additional guidelines." *See* Dkt. No. 10 at 4. In Claim 4, Barajas argues that the Rule 11 hearing was tainted for a similar reason; the Government violated the terms of the plea agreement by using "disputed conduct" "to [a]ffect his sentence." *See* Dkt. No 9 at 9. Barajas's argument is somewhat unclear, as he seems to indicate the violation occurred at sentencing, and after the acceptance of his guilty plea. *See id*. However, Barajas adds that the Court "allowed this to happen without any warning as to the coming violation of the terms, and therefore, the Rule 11 proceedings were tainted and unfair." *Id*. In his memorandum of law, Barajas instead seems to argue that the constitutional violation stems from the Court accepting his guilty plea during the Rule 11 hearing. Despite his denial of facts that were extraneous to the essential elements to the crime, Barajas argues the Court

erred in allowing those facts to be used at sentencing. *See* Dkt. No. 10 at 13. This, he argues, violates the "knowing and voluntary nature of the guilty plea." *Id.*

A defendant must intelligently, knowingly and voluntarily waive his trial rights, i.e. his privilege against compulsory self-incrimination, the right to a trial by jury, and his confrontation clause rights. *See Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). In *Boykin*, the defendant waived his trial rights, but did so without even addressing the trial court. *Id.* at 239. The Supreme Court, concerned about the voluntariness of this practice, required that a defendant waive his trial rights on a record that adequately showed the waiver was voluntary, done knowingly, and was free from coercion. *Id.* at 242-43. Rule 11 of the Federal Rules of Criminal Procedure effectively codified *Boykin*, requiring a trial court to place a defendant under oath, determine whether a plea is voluntary and free from outside threats or influences, and confirm that a defendant knowingly waived those rights applicable to his conviction. *See* Fed. R. Crim. P. 11(b).

While not conclusive, a defendant's "solemn declarations" in open court have a strong presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Further, the representations of the defendant's lawyer, the prosecution, and the findings of the judge create a "formidable barrier" in subsequent habeas proceedings. *Id.* Here, Barajas swore under oath that his guilty plea was voluntary, that he understood the rights he waived, and that he did so knowingly. *See* CR. Dkt. No. 54 at 19-20, 30, 36-41, 53. In fact, the Court specified exactly what his rights were, and asked whether he understood each one. *Id.* at 17-20, 36-41. Further,

Barajas affirmed that his attorney explained the statutory penalties of his charge and how the guidelines work, and that he understood the Court when it further admonished him regarding the advisory guidelines. *See id.* at 13-14, 31-34. While the plea agreement was oral, the Court asked the Government to clarify the terms on the record. Assistant U.S. Attorney William Hagan made clear that the only agreement was that, if Barajas pled guilty to the indictment as charged, the Government would not seek an additional indictment based upon alleged conduct found through its then current investigation of Barajas. *Id.* at 24. However, as further clarified by the Court, the Government did not promise that they could not argue that the Court should consider the alleged conduct during Barajas's sentencing. *See id.* at 30. The Court asked Barajas whether he understood that as the terms of the oral agreement, which he answered affirmatively. *Id.* at 30-31.

As for the facts that Barajas denied, they are immaterial to the valid acceptance of a guilty plea. The Court was required only to find a sufficient factual basis for the elements of the crime as charged in the indictment, which it did when Barajas admitted to possessing a firearm. *See United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc) (Finding a sufficient factual basis for the plea "mandate[es] that the district court compare (1) the conduct to which the defendant admits with (2) the elements of the offense charged in the indictment or information…."); 18 U.S.C. §§ 922(g)(1), (9); CR Dkt No. 54 at 12, 49-52. In fact, even if the record was not clear, Barajas admits within his memorandum of law that he accepted responsibility for the "element of" and "conduct of" possessing a

firearm. *See* Dkt. No. 10 at 13. Barajas claims to dispute only his involvement in "straw purchasing," trafficking and exporting the firearms, and the number of weapons. *Id.* This Court finds that the record is clear; Barajas was fully informed of his rights, and waived these rights knowingly, intelligently, and voluntarily. Further, the Court properly accepted testimony from Barajas establishing the elements of the crime as required by Rule 11. *See* CR Dkt. No. 54 at 12, 49-52 (court elicited testimony regarding evidence establishing the criminal elements and testimony from Barajas's admitting to the possession of the firearm).

**B. Barajas's Claim 2 and 3 for Ineffective Assistance of Counsel.**

1.    *Barajas's Claim of Ineffective Assistance by Yzaguirre*

Barajas argues that his trial counsel was ineffective because he "offered faulty advise in relation to the guilty plea and the clearity of the terms[,]" which resulted in a higher sentence than negotiated. *See* Dkt. No. 9 at 5 (errors in original). As described above, the Court made sure the agreement's terms were clearly known to Barajas, and elicited testimony that his attorney explained those terms to him and that he understood them. *See* CR Dkt. No. 54 at 30-31. Further, the Court explained to Barajas that his sentence could differ from the parties' understanding of the applicable guidelines range, that his sentence would be based upon the findings of fact in his specific case, and that the ultimate decision would be made by the Court and not based upon an agreed sentence; which he affirmed to have understood. *See id.* at 31-34. Finally, as explained above, the guilty plea was voluntary, understood and intelligently made by Barajas. Barajas has not shown

that Yzaguirre was ineffective in providing him advice or that Barajas was otherwise prejudiced by his trial counsel.

      2.    *Barajas's Claim of Ineffective Assistance by Nealy*

Finally, Barajas argues that his appellate counsel was ineffective by failing to challenge the guilty plea "on constitutional grounds." Dkt. No. 9 at 8. Barajas explains in his memorandum of law that Nealy pursued a "dead issue[,]" the credibility of witnesses at sentencing, rather than challenge the guilty plea as unknowingly and involuntarily made. *See* Dkt. No. 10 at 11. However, in his direct appeal, Barajas did claim a lack of voluntariness and understanding of the plea agreement based upon alleged violations of the plea agreement, which the Fifth Circuit denied. *See* CR Dkt. No. 65 at 2. Barajas's claim fails because he cannot show that Nealy was ineffective for failing to make an argument on appeal, since that argument was in fact made by his appellate counsel and denied on the merits.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the

merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case as Barajas has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that Barajas's § 2255 Motion be dismissed with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections within fourteen days after being served with a copy of the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation shall bar that party, except upon grounds of plain error, from attacking those factual findings and legal conclusions

that the district court accepts on appeal, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 23rd day of March, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**